FILED

2016 Apr-29  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| MARCH/MAGNOLIA IV INVESTMENT LIMITED PARTNERSHIP, MARCH/ MAGNOLIA V INVESTMENT LIMITED PARTNERSHIP, et al., | ) ) ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | |
| v. | ) ) | Case No.:  4:15-CV-1139-VEH |
| RUDOLPH H. BEAVER and OLYMPIA DIVERSIFIED CONSTRUCTION CORPORATION, | ) ) ) ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) | |

---

## MEMORANDUM OPINION

## I.    Introduction and Procedural History

On July 8, 2015, Plaintiffs March/Magnolia IV Investment Limited Partnership ("March IV") and March/Magnolia V Investment Limited Partnership ("March V") initiated this breach of fiduciary duty and breach of partnership action[1] against Rudolph H. Beaver ("Mr. Beaver") and Olympia Diversified Construction Corporation ("Olympia"). (Doc. 1). Plaintiffs maintain in their complaint that the

---

[1] Plaintiffs' pleading contains 6 separate counts. For the sake of brevity, the court does not list all of them in this memorandum opinion.

court's authority to hear this action derives from diversity jurisdiction. (*See* Doc. 1 at 2 ¶ 5 ("Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.")).

Perceiving several jurisdictional problems with Plaintiffs' lawsuit, the court, on January 25, 2016, entered an order (Doc. 20) directing Plaintiffs to show cause no later than February 16, 2016, why their case should not be dismissed without prejudice for lack of subject matter jurisdiction. In particular, the court questioned the absence of 23 Alabama real estate investment partnerships (the "Alabama Limited Partnerships") that were referred to in Plaintiffs' allegations and requested relief, but not named as parties. On the day of the show cause deadline, Plaintiffs filed their response (Doc. 21) and a Motion for Leave To Amend (Doc. 22) (the "Leave Motion"). On March 3, 2016, Defendants opposed Plaintiffs' Amend Motion (Doc. 25) and replied to Plaintiffs' show cause response. (Doc. 26).

Having considered the parties' filings, including Plaintiffs' proposed amended pleading, the court finds that Plaintiffs' case is due to be dismissed under Rule 19 due to the absence of the diversity-destroying Alabama Limited Partnerships that are indispensable parties in the context of this case. Further, because the court lacks subject matter jurisdiction and because Plaintiffs' proposed amended pleading only partially cures their case's jurisdictional deficits, their Amend Motion is due to be

2

termed as moot.

## II.   Standards

### A.   Subject Matter Jurisdiction

Because federal courts are tribunals of limited jurisdiction, "a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.,* 206 F.3d 1398, 1400-01 (11th Cir. 2000); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court *sua sponte* may raise a jurisdiction defect at any time."). And, if at any time the court determines that it lacks subject matter jurisdiction, "the court must dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added); *see also Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000) (same). A dismissal for lack of subject matter jurisdiction must be without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (affirming district court dismissal for lack of jurisdiction but reversing for entry of dismissal "without prejudice" on remand rather than "with prejudice" as originally and erroneously entered). Importantly, when a dismissal is a "without prejudice" one, this means that the merits of the plaintiff's asserted claims, if any, are not barred from further litigation in state or federal court by such an order.

3

**B.     Rule 19**

"Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1279-80 (11th Cir. 2003) (internal quotation marks omitted) (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).

> In making the first determination-*i.e.*, whether the party in question "should be joined," "'pragmatic concerns, especially the effect on the parties and the litigation, control.'" [*Challenge Homes*, 669 F.2d at 669] (quoting *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980)); *see also In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997) ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation."). (internal citations and quotations omitted).

*Focus*, 334 F.3d at 1280.

Concerning the second determination, "when a person described by Rule 19(a) cannot be joined, 'the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the

absent person being thus regarded as indispensable.'" *California v. Arizona*, 440 U.S. 59, 62 n.3, 99 S. Ct. 919, 922 n.3, 59 L. Ed. 2d 144 (1979) (quoting FED. R. CIV. P. 19(b)). Factors for the court to consider when undergoing this equitable evaluation include:

> (1) the extent to which a judgment rendered in the person absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> >
> > (B) shaping the relief; or
> >
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

FED. R. CIV. P. 19(b).

When the court decides under Rule 19(a) that a diversity-destroying party should be joined, dismissal is appropriate only when a necessary party cannot be joined, and "in equity and good conscience, the case should not proceed without such a party." *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 48 (5th Cir. 1972).[2]

_____

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30,

Finally, a district court's dismissal is reviewed for abuse of discretion on appeal. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

## III.   Analysis

### A.   Background and Preliminary Considerations

Plaintiffs assert no federal claims and predicate subject matter jurisdiction exclusively on 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) bestows this court with the authority to hear disputes arising under state law when complete diversity of citizenship exists between the adverse parties and the lawsuit meets the amount in controversy threshold. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States[.]").

Having studied Plaintiffs' proposed amended complaint and the parties' briefing, the sole jurisdictional concern that remains for consideration is the impact of Rule 19 on Plaintiffs' ability to show diversity jurisdiction. As this court previously stated in its show cause order:

> Finally, the court has Rule 19 concerns about the host of "real estate investment partnerships that own multi-family housing complexes" (Doc. 16 at 3 ¶ 9), which Plaintiffs have referenced in their

---

1981, are binding in the Eleventh Circuit).

amended complaint, (*id.* at 3 ¶¶ 10-13; *see also* Doc. 16-7 at 2),[3] but which are not parties to this litigation. Plaintiffs do not assert that these entities are "dispensable," explain their "reasons for not joining" them, FED. R. CIV. P. 19(c)(2), or otherwise address how their presence as parties would impact this court's ability to exercise diversity jurisdiction over this dispute. *Cf. Haas v. Jefferson Nat. Bank of Miami Beach*, 442 F.2d 394, 396 (5th Cir. 1971) ("It is settled that failure of the district court to acquire jurisdiction over indispensable parties to an action deprives 'the court of jurisdiction to proceed in the matter and render a judgment.'" (quoting *Schuckman v. Rubenstein*, 164 F.2d 952, 957 (6th Cir. 1947))).

(Doc. 20 at 6-7 (footnotes omitted)). The court further detailed its concern noting:

As the court understands Plaintiffs' allegations, 23 real estate investment partnerships exist in which Mr. Beaver and Olympia act as the general partners and either March II, March III, March IV, or March V serves as the limited partner. (Doc. 16 at 3 ¶ 9). Plaintiffs complain about the actions of Mr. Beaver and Olympia in their roles as general partners of these real estate investment entities and specifically seek a declaratory judgment that their "misconduct [is] sufficient to trigger the Plaintiffs' right to remove them as the general partners of all twenty-three partnerships . . . ." (Doc. 16 at 28 ¶ 123. Given Plaintiffs' request for declaratory relief which, if granted, will undoubtedly have a significant impact on the real estate partnerships, the court struggles to envision how these entities could ever be appropriately characterized as dispensable.

(Doc. 20 at 7 n.3).

Plaintiffs' proposed amended complaint continues to seek a "declar[ation] that

the actions of Beaver and Olympia constitute misconduct sufficient to trigger the

Plaintiffs' right to remove them as the general partners of all twenty-three

---

[3] The page references to Doc. 16-7 correspond with the court's CM/ECF numbering system.

7

partnerships listed on the attached 'Exhibit G.'" (Doc. 22-1 at 30-31 ¶ 125). Plaintiffs

have omitted the Alabama Limited Partnerships as named defendants, explaining that:

> [They] are not joined to this action because the constituent partners of
> all twenty-three partnerships are already parties to this Complaint and
> complete relief can readily be afforded without the presence of the
> partnerships themselves. The nature of the claims alleged below
> constitute claims among the partners, and exist independent of the
> partnership's own rights, none of which will be affected by the outcome
> of this litigation.

(Doc. 22-1 at 6 ¶ 15). Based upon these allegations and the parties' diverging

positions about the dispensable nature of the partnerships, the court now analyzes

Rule 19.

### B.    Threshold Determinations Under Rule 19(a)

Following the two-part framework imposed by Rule 19, the court must first

determine whether the partnerships are necessary parties, *i.e.*, a party that must be

joined if feasible. *See Focus*, 344 F.3d at 1279-1280. As Rule 19(a) provides in

relevant part:

> **(a) Persons Required to Be Joined if Feasible.**
>
> > **(1)** ***Required Party.*** A person who is subject to service of
> > process and whose joinder will not deprive the court of
> > subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)** in that person's absence, the court cannot
> > > accord complete relief among existing parties;
> > > or

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person absence may:

> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). "A party is considered 'necessary' to [or required in] the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings." *Laker Airways*, 182 F.3d at 847.

A key component of Plaintiffs' complaint calls for a judgment from this court restructuring the Alabama Limited Partnerships' composition. Thus, if Plaintiffs are successful, the impact on these non-joined entities would be direct and substantial. *Cf. Laker Airways*, 182 F.3d at 848 (explaining in finding necessariness through indirect impact under Rule 19(a) that "[a]lthough the relief Laker presently seeks <u>may not directly implicate ACL because there would be no order directed at ACL</u>, Laker's antitrust claims necessarily require that a court evaluate ACL's conduct in relation to

Laker, thereby substantially implicating ACL's interests") (emphasis added).

As signaled by the show cause order, this court comfortably concludes that, because Plaintiffs seek a declaration that <u>their</u> right to remove the General Partners, Beaver and Olympia, from the Alabama Limited Partnerships has been triggered, and because the partnerships are legal entities with rights, obligations, and interests that are distinct from their partners, *see* Ala. Code § 10A-8-2.01 ("A partnership is an entity distinct from its partners."),[4] the Alabama Limited Partnerships have a substantial interest in the disposition of this lawsuit and are "required" parties under 19(a). Importantly, none of the cases cited by Plaintiffs reaches a different outcome when making this threshold determination under Rule 19(a). *See, e.g., Hooper v. Wolfe*, 396 F.3d 744, 747 (6th Cir. 2005) ("[T]he district court did not abuse its discretion in determining PPM III was a necessary party under Rule 19(a)."); *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1190 (3d Cir. 1996) ("We agree with the district court that, pursuant to Rule 19(a), this Partnership should be joined if feasible."); *Curley v. Brignoli, Curley & Roberts Associates*, 915 F.2d 81, 90 (2d Cir. 1990) ("Here, as in *Provident Tradesmens*, BCR is a party which, within the

---

[4] *See also* Ala. Code § 10A-9-1.05 ("A limited partnership has the powers to do all things necessary or convenient to carry on its activities, including the power to sue, be sued, and defend in its own name and to maintain an action against a partner for harm caused to the limited partnership by a breach of the partnership agreement or violation of a duty to the partnership.").

meaning of rule 19(a), should be joined 'if feasible,' but whose joinder would destroy diversity.").

Further, Plaintiffs admit that joinder of the partnerships is not feasible: "Whether the real estate partnerships are added to the plaintiffs' side or the defendants' side, complete diversity would be destroyed. This is so because the partnership is a citizen of every state in which it has a partner." (Doc. 21 at 9); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership."). Thus, having confirmed that the Alabama Limited Partnerships should be joined under Rule 19(a), but that to do so would deprive this court of subject matter jurisdiction, the court now turns to an evaluation of their indispensability under Rule 19(b).

## C.    Balancing of Factors Under Rule 19(b)

"If a necessary party cannot be joined, the court must then proceed to Rule 19(b) and consider whether in 'equity and good conscience,' the suit should proceed without the necessary party. [In doing so,][t]he court balances [the] four [Rule 19(b)] factors [listed above] . . . ." *Laker Airway*, 182 F.3d at 848. Here, the court concludes that Plaintiffs' efforts to remain in federal court fall short under Rule 19(b)'s non-

exclusive list of factors,[5] especially in light of the early stages of this litigation, the concern over the adequacy and finality of any judgment entered in this case if the lawsuit proceeds in federal court, and the ability of Plaintiffs to pursue their claims in state court with the Alabama Limited Partnerships as parties.

The primary opinion that Plaintiffs rely upon in their show cause response to demonstrate why this case should continue in federal court without the Alabama Limited Partnerships as parties is *Hooper*, *supra* at 10. In *Hooper*, the Sixth Circuit held that the district court abused its discretion in (i) finding the diversity-destroying limited partnership to be indispensable and (ii) dismissing the complaint under Rule 19(b). 396 F.3d at 745. The court finds the *Hooper* opinion to be significantly different for at least two reasons. First, the focus of relief sought in *Hooper* was on apportioning the profits from a real estate transaction and, unlike here, the plaintiff did not seek judicial intervention in changing the composition of the limited partnership. Second, the availability of an alternative venue in *Hooper* was murky, at best. *See Hooper*, 396 F.3d at 751 ("[I]t is not at all clear that Mr. Hooper will have an adequate remedy if the action is dismissed."); *id.* ("While the presence of an alternate forum would militate in favor of dismissing the action, it is unclear whether

---

[5] *See* FED. R. CIV. P. 19(b) ("The factors for the court to consider <u>include</u>: . . . .") (emphasis added).

the Tennessee case that was filed in 2000 is still viable. . . . or whether the Tennessee

court would allow the complaint to be amended to include direct claims against Mr.

Wolfe.").

The *Hooper* decision, in turn, relies heavily upon *HB*, *supra* at 10. In *HB*, the

Third Circuit explained the interplay between federal and state law when conducting

a Rule 19 assessment:

> The district court also decided, and Manchester argues, that
> exclusion of the Partnership would prejudice the Partnership's interests.
> We disagree. Although indispensability under Rule 19 is a question of
> federal law, state law determines the nature of the interests of all the
> individuals concerned. *See Provident Tradesmens Bank & Trust Co. v.
> Patterson*, 390 U.S. 102, 125 n.22, 88 S. Ct. 733, 746 n.22, 19 L. Ed. 2d
> 936 (1968); *Hertz v. Record Publishing Co.*, 219 F.2d 397, 399–400 (3d
> Cir.), *cert. denied*, 349 U.S. 912, 75 S. Ct. 601, 99 L. Ed. 1247 (1955).
> The relevant state law here is that of Delaware, as the Partnership is
> organized pursuant to Delaware law, Partnership Agreement Art. III, and
> Delaware law is the source of any cause of action the Partnership may
> have for Manchester's breach of contract, *see* Partnership Agreement §
> 17.5 ("[T]his Agreement shall be governed by and construed in
> accordance with the laws of Delaware....").

*HB*, 95 F.3d at 1192 (emphasis added).

After determining that the partnership met the Rule 19(a) test under Delaware

law, the *HB* court concluded that its absence from the litigation would not cause it

sufficient prejudice, reasoning:

> The exact relationship between the Partnership's interests as an
> entity and those of the individual partners has not been addressed by the

Delaware courts. But, following Rule 19's pragmatic approach, we are guided by common sense. A partnership's interests as an entity consist of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership. Thus, at least in certain cases, it is possible that a partnership's interests can be effectively represented in litigation by participation of its partners.

We believe that to be the case here. This partnership consists of at most three partners, all of whom are before the court. Although each of the partners may arguably bring to bear some interests (the nature of which no one has identified) that are distinct from those of the Partnership, we have no doubt that the Partnership's interests in this case are adequately represented by the partners. If the Partnership has a claim against Manchester and the right to retain its real property, these interests will be effectively advanced by the HB entities. And even if the HB entities' interests are not entirely consistent with those of the Partnership, they are not antagonistic. Furthermore, to the extent the HB entities' interests diverge from the Partnership's interests, Manchester can protect them.

*HB*, 95 F.3d at 1193 (emphasis added).

In arriving at the Rule 19(b) result of proceeding without the non-joined partnership, the *HB* court limited the scope of its holding by cautioning:

While it might be troubling to say that a human being could be excluded from litigation because his or her interests are adequately pressed by other people, a partnership is not a human being. A partnership's interests can never be known except through those who comprise it. Thus, as a practical matter, the Partnership is not prejudiced by having others represent its interests in this case. Although a partnership's interests can only be known through the medium of human beings, the choice of which human being(s) will represent the partnership's interests may have practical effects. Thus, if there is a conflict between interests of a partnership and those of the partners sufficient to require the partnership, if it is joined, to be represented by

14

its own attorney, the failure to join the partnership would cause it real prejudice. In such a case, joinder of the partnership would do more than change the name of the caption, but would provide the partnership with the practical benefit of having an advocate wholly devoted to its own interests. Here there are no allegations that the Partnership's interests in this case so diverge from those of the partners that it should be represented by its own attorney.

*HB*, 95 F.3d at1193 n.3 (emphasis added); *see also id.* at 1193 ("Although in some cases the interests of the partners may sufficiently diverge from those of the partnership that the partnership is an indispensable party, we simply cannot conceive of any interest the Partnership has as an entity in this case that will not be advanced by the three partners."). Thus, the *HB* court anticipated situations in which the absence of a partnership, despite the presence of its member partners, might warrant a Rule 19(b) dismissal.

The court finds the foregoing framework utilized in *HB* to be instructive, and adopts certain portions of *HB* as persuasive authority,[6] including its directive to be mindful of the interests created by state law when weighing whether a case "in equity and good conscience" should proceed in federal court under Rule 19(b). *See also Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885, 888 n.3 (5th Cir. 1968)

---

[6] The court deviates from the Rule 19(b) result reached in *HB* on the basis of the differing relief sought and the absence of any discussion in *HB* about Rule 19(b)'s fourth factor, a key component of the court's discretionary determination to dismiss this case as discussed in more detail *infra*.

("Rule 19 allows considerable judicial discretion for a realistic analysis of the interrelation of federal procedural requirements and state substantive law which materially affect the rights of the litigants." (citing *Provident Tradesmens*, *supra* at 10, 13)); *see also Provident Tradesmens*, 390 U.S. at 125 n.22, 88 S. Ct. at 746 n.22 ("[S]tate-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state[-]defined interests, a federal court may proceed without the outsider is a federal matter." (citation omitted)). Here, Alabama is the relevant law for evaluating the various interests at stake. (*See* Doc. 16-3 at 16 § 14(e) ("The Partnership is a validly existing limited partnership under the laws of the State of Alabama . . . ."); *id.* at 34 § 37 ("This Agreement shall be construed in accordance with the laws and decisions of the State of Alabama.")).[7] With that in mind, the court delves further into the Rule 19(b) analysis.

Turning to the first Rule 19(b) factor, Plaintiffs maintain that the Alabama Limited Partnerships "are adequately protected because all of the constituent partners are parties." (Doc. 21 at 11). In a more conventional partnership dispute, such as those examples cited by Plaintiffs in their show cause response, the undersigned would likely agree with Plaintiffs. However, this case–which seeks a judicial reconstitution of the Alabama Limited Partnerships–is an exceptional circumstance

---

[7] All page references to Doc. 16-3 correspond with the court's CM/ECF numbering system.

16

that causes this court to have serious doubts about whether "the interests of [the Alabama Limited Partnerships] [can be] adequately represented by those already a party to the litigation." *Hooper*, 396 F.3d at 749. Indeed, this action is more akin to the exception noted in *HB* in which "the [Alabama Limited] Partnership[s'] interests . . . so diverge from those of the partners that [they] should be represented by [their] own attorney." *HB*, 95 F.3d at1193 n.3. Thus, the court finds that the first factor favors a dismissal of this action.

Plaintiffs address the second and third factors collectively and contend that they do not demonstrate indispensability. (Doc. 21 at 12). Plaintiffs first vaguely suggest that this court's final order could be drafted in such a manner as to "impose whatever restrictions are necessary on the parties and the partnerships, as all the partners are before this Court and subject to its Orders." *Id.* However, Plaintiffs do not specifically explain how the court can craft such a suitable and enforceable final order. For example, if Plaintiffs are able to show malfeasance on the part of Defendants and Defendants are, as a result, ordered to be removed as General Partners of the Alabama Limited Partnerships, would the court then have the power to select new General Partners to replace Beaver and Olympia or appoint a receiver (*e.g.*, under Ala. Code § 6-6-620) to deal with the assets of those entities that are no longer functioning as limited partnerships, despite their absence as separately joined

17

as parties? Indeed, the risk of these and any unforeseen issues attributable to the absence of the Alabama Limited Partnerships might seriously hamper the court's ability to order comprehensive relief in the best interests of <u>all</u> parties.

Second, Plaintiffs argue that the presence of res judicata and/or collateral estoppel supports their position because any efforts to relitigate would be barred by the court's final order. (Doc. 21 at 12). Defendants, on the other hand, maintain that res judicata will not bar the Alabama Limited Partnerships from bringing a subsequent suit in state court because they are not parties to this action, and under Alabama statutory law their rights are distinct from those of their partners. (*See* Doc. 26 at 6 ("[N]othing would prevent the Partnerships themselves from bringing state court claims of [their] own which could result in the parties incurring double, multiple, or otherwise inconsistent judgments.")).

Unhelpfully, neither side attempts to analyze how <u>Alabama courts</u> apply such a doctrine generally, much less cite to an Alabama case in which res judicata did or did not bar subsequent litigation based on facts such as these. Instead, the parties merely base their competing stances on their attorneys' *ipse dixit*.

Under Alabama law:

> The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the

18

same cause of action presented in both suits. *Hughes v. Allenstein*, 514 So. 2d 858, 860 (Ala.1987). If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation. Dairyland was not a party to the prior action, and Reaves was not a party to the instant action. However, the "party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is not so attenuated as to violate due process." *Whisman v. Alabama Power Co.*, 512 So. 2d 78, 82 (Ala.1987) (citations omitted).

*Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725-26 (Ala. 1990) (emphasis added).

Although neither side mentions privity, this is the only conceivable element whose existence could seriously be in dispute here. Based on *Whisman*'s privity formulation, the key for measuring whether res judicata would apply here is whether the Alabama Limited Partnerships' "interests [would be] adequately represented by [Plaintiffs] in [this action], and the relationship between [Plaintiffs] and [the Alabama Limited Partnerships] is not so attenuated as to violate due process." *But cf. Thomas v. Lynn*, 620 So. 2d 615, 617 (Ala. 1993) ("To apply this 'party identity' language from *Dairyland* in the context of the present case would be totally inconsistent with the classical statement of the res judicata doctrine, as expressed in the first sentence of the paragraph quoted from *Dairyland* (particularly '(3) with substantial identity of the parties.'").

Thus, *Thomas* indicates that more than one test exists under Alabama law for determining whether privity exists. Indeed, in quoting a secondary source with approval regarding the concept of privity, the Supreme Court of Alabama has acknowledged:

> "The term 'privity' has not been uniformly defined with respect to res judicata. The following three definitions have appeared in Alabama cases: (1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; and (3) an identity of interest in the subject matter of litigation. Largely defining privity by example, the Alabama cases seem to resolve the question on an ad hoc basis in which the circumstances determine whether a person should be bound by or entitled to the benefits of a judgment. The decision usually turns on whether the relationship between the parties was close enough and whether adequate notice of the action was received by the alleged privy; this test has been bolstered by the recent tendency of the Alabama courts to analyze privity as an identity of interests."

*Hughes v. Martin*, 533 So. 2d 188, 191 (Ala. 1988) (emphasis added) (quoting *Issue Preclusion in Alabama*, 32 Ala. L. Rev. 500, 520-21 (1981)). Based on this ad hoc admonishment in *Hughes* and the apparent absence of any on-point direction arising under Alabama law that is comparable to this case, this court is ill-equipped to determine whether the privity element can be satisfied when, such as here, the non-joined Alabama Limited Partnerships identify with both the limited partner plaintiffs and the general partner defendants.

Moreover, lacking any legal development from Plaintiffs or otherwise

independently finding a straightforward answer as to whether Alabama law would find the element of privity satisfied in this instance, this court has significant concerns about the finality of any judgment that it would enter with respect to the composition of the Alabama Limited Partnerships. Consequently, the court finds that, due to the absence of legal clarity with regard to fashioning a less prejudicial and substantively adequate judgment, the second and third Rule 19(b) factors do not weigh in Plaintiffs' favor–these two factors instead are, at best, neutral in their impact.

With respect to the fourth factor, in "maintain[ing] the right to refile this action in state court if dismissed" (Doc. 21 at 12), Plaintiffs have implicitly admitted that complete relief with the Alabama Limited Partnerships joined as parties is available in state court. At the end of their show cause response, Plaintiffs lament that a dismissal of this action "would be inherently unfair in the absence of other compelling reasons that the real estate partnerships are indispensable[;]" however, they cite to no binding authority for this proposition and skirt the complexities connected to the extraordinary relief that they seek from this court–23 reconstituted Alabama Limited Partnerships. *Id.* Further, this federal court case has not progressed very far and starting over in state court does not create an insurmountable burden for Plaintiffs. Finally, changing venue benefits all the parties because those foreseen and unforeseen pitfalls associated with remaining in federal court are no longer looming

concerns.

Thus, the final Rule 19(b) factor favors dismissing this case. In reaching this conclusion, the court, relies in part, on the binding decision of *Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977). In *Peabody*, the former Fifth Circuit explained with respect to a Rule 19 dismissal premised upon a diversity-destroying corporation:

> Because joinder of Tackett, a Florida corporation, would destroy the subject matter jurisdiction of the district court, Rule 19(b), FED. R. CIV. P., requires the court to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed" by considering the four factors enumerated in the rule. The district court found that because of the availability of an adequate remedy in state court, and because of the possibility of a second suit by Tackett alone with an inconsistent result, the suit should not proceed with the parties before the court absent an assignment of Tackett's cause of action. Such a result is consistent with this Court's decision in *Bry-Man's, Inc. v. Stute*, *supra*, in which plaintiff's case was dismissed for failure to join a joint obligee as an indispensable party.

*Peabody*, 546 F.2d at 1229 (emphasis added). Although the differences between how a corporation and a limited partnership are organized can influence certain parts of the Rule 19(b) analysis, *cf., e.g., DM II, Ltd. v. Hospital Corp.*, 130 F.R.D. 469, 473 n.5 (N.D. Ga. 1989) ("Joinder of each non-party partner would ordinarily satisfy Rule 19, since the interests of the partnership would be adequately represented."), *Peabody* underscores the availability of an alternative venue as a good reason for upholding

22

a district court's discretionary dismissal due to indispensability and does so without ever suggesting that the importance of Rule 19(b)'s fourth factor is limited to only certain cases, *i.e.*, those involving non-joined diversity-destroying corporations.[8] *Cf. also Broussard*, 398 F.2d at 889 (finding that fourth Rule 19(b) factor favored dismissal because "[t]he cause of action involved in this litigation could easily be brought in a state court of Louisiana").

## IV.   Conclusion

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135

---

[8] The deferential abuse of discretion standard contemplates a range of acceptable choices for a district court to make. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (describing abuse of discretion standard as one that "recognizes the range of possible conclusions the trial judge may reach" without being reversed and affords "considerable leeway") (internal quotation marks omitted); *see also id.* ("[U]nder the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." (quoting *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc))). Further, as the former Fifth Circuit has described this deferential standard in the context of Rule 19 more particularly:

> We therefore find that in equity and good conscience the district court correctly exercised its discretion by dismissing the suit. We add, moreover, that the pragmatical approach elevates the role of judgmental discretion in the joinder problem. While this discretion may not have the constrictions of a clearly erroneous rule, we must be mindful that the district judge is closer to the arena and is often in a better position to survey the practicalities involved in the litigation.

*Broussard*, 398 F.2d at 889 (emphasis added).

(1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S. Ct. 1181, 1194, 175 L. Ed. 2d 1029 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (citing *McNutt*)). The court has fully considered Plaintiffs' show cause response and proposed amended complaint offered to substantiate the diversity jurisdiction of this court. However, after weighing the Rule 19(b) enumerated and other factors, including the still early stage of this litigation, the continuity of any discovery already conducted, and the substantial uncertainties associated with remaining in federal court, the undersigned is persuaded that, in equity and good conscience, this action should not proceed without the Alabama Limited Partnerships as named parties. Accordingly, Plaintiffs' lawsuit is due to be dismissed without prejudice *sua sponte* for lack of subject matter jurisdiction.

Further, in the absence of subject matter jurisdiction and because their proposed amended complaint only partially cures their case's jurisdictional deficits, Plaintiffs' Leave Motion is due to be termed as moot. Finally, the court will enter a separate order of dismissal consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 29th day of April, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge